FILED
SUPERIOR COURT
OF GUAM

2021 DEC 27 PM 2: 20

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM<br><br>                                   Plaintiff,<br><br>vs.<br><br>JERSON MOSES aka Jerson Mike<br>aka Jay Mike aka Mako Jato<br>aka Jerson Moce aka Jay Moses<br><br>                                   Defendant. | Case No. CF0500-21<br><br>**DECISION AND ORDER ON DEFENDANT'S EX PARTE MOTION TO DISMISS FOR FAILURE TO PROVIDE STATUTORY DISCOVERY**<br><br># URGENT |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on December 7, 2021 for a motion hearing on Defendant's *Ex Parte* Motion to Dismiss for Failure to Provide Statutory Discovery ("Motion to Dismiss"). Assistant Public Defender Earl V. Espiritu represented Jerson Moses ("Defendant). Assistant Attorney General Jeremiah B. Luther represented the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** the Motion to Dismiss and **ORDERS** the Office of the Attorney General to pay the attorney's fees and any other fees associated with filing this motion.

## BACKGROUND

On October 18, 2021, a Grand Jury indicted Defendant on Charges of Possession of a Schedule II Controlled Substance (As a Third Degree Felony), Theft by Receiving Stolen

Property (As a misdemeanor), and Vehicle Without Identification (As a Third Degree Felony). Indictment, Oct. 18, 2021. On October 13, 2021, Defendant asserted his right to evidence disclosure pursuant to 8 GCA § 65.25(b). Request for Disclosure, Oct. 13, 2021. At the November 1, 2021 Arraignment, Defendant waived his right to a speedy trial, and the Court issued a Criminal Trial Scheduling Order setting trial for June 1, 2022. Criminal Trial Scheduling Order, Nov. 3, 2021. On November 17, 2021 Defendant asserted his right to speedy trial. Assertion, Nov. 17, 2021. The Court issued a new Criminal Trial Scheduling Order on November 22, 2021, setting trial for December 22, 2021. Criminal Trial Scheduling Order, Nov. 22, 2021. On December 6, 2021, Defendant filed this Motion to Dismiss. Def.'s *Ex Parte* Mot. to Dismiss for Failure to Provide Statutory Discovery ("hereinafter Mot. to Dismiss"), Dec. 6, 2021. On December 6, 2021, both parties attended a status hearing and the Court heard arguments on Defendant's Motion to Dismiss. Minute Entry, Dec. 7, 2021. Defendant has never filed a motion to compel discovery. On December 13, 2021 the People filed an opposition to Defendant's Motion to Dismiss. People's Opp. to Def.'s Mot. to Dismiss, Dec. 13 2021.

Defendant contends that at the time of filing this motion, the People have not provided discovery, and that they seem "uninterested" in providing Defendant with the statutory discovery. Mot. to Dismiss at 2. Defendant further contends that if the People provide last minute discovery, it will reward them for their nonfeasance. *Id.* at 3. Thus, he argues that the Court should dismiss this matter. *Id.*

The People argue that while there was negligence, there was no willful misconduct. People's Opp. to Def.'s Mot. to Dismiss, Dec. 13 2021 at 3. The People maintain that because the late discovery was the result of an accidental oversight, the best remedy is a continuance.

*Id.* They are confident that Defendant will still receive a fair trial because Defendant received the discovery before the commencement of trial. *Id.*

### DISCUSSION

Title 8 GCA § 70.10 requires the Court order the prosecuting attorney to disclose all discoverable materials. In accordance with standard procedure, both Criminal Scheduling Trial Orders issued by the Court reminded the parties of their continuing duty to disclose statutory discovery. Criminal Trial Scheduling Order, Nov. 3, 2021; Criminal Trial Scheduling Order, Nov. 22, 2021. Even so, the People did not provide discovery until the Defendant filed his Motion to Dismiss. Minute Entry, Dec. 7, 2021.

**A. The late discovery does not impede Defendant's preparation for trial.**

Contrary to Defendant's assertions, the Court does not find that the discovery delay has affected counsel's ability to prepare for trial. Specifically, "[t]he defendant is entitled to at least five (5) days after entering his plea to prepare for trial but he may waive any part of such time." 8 GCA § 80.40. While late discovery is not excusable, Defendant's counsel will have more than the statutory minimum amount of time to prepare for trial. On December 6th—the day the People produced discovery—Defendant and his counsel still had about fifteen calendar days to prepare for the scheduled December 22nd trial. In *People v. Tuncap*, the Court found that receiving discovery eight days before trial was enough time to remedy any prejudice caused by the late discovery. *People v. Tuncap*, 1998 Guam 13 ¶ 29. The People provided Defendant with statutory discovery fifteen calendar days before trial, which is more than the eight days in *People v. Tuncap* and three times longer than the statutory requirement of five days. Accordingly, the Court does not find the late discovery impeded Defendant's right to prepared and effective counsel.

**B. Dismissal of this case is not the appropriate remedy for late discovery; a reimbursement of fees for the cost of filing this motion is more appropriate.**

Title 8 GCA § 70.45 states that if ". . .a party has failed to comply with an order pursuant to this Chapter, the court may order such party to comply with the prior order, grant a continuance or issue such other order as it deems just under the circumstances." 8 GCA § 70.45. Further, the note accompanying 8 GCA § 70.45 encourages the Court "to apply sanctions that affect the evidence at trial and the merits of the case as little as possible." *Id.* (citing ABA, Project on Standards or Criminal Justice Discovery and Procedure Before Trial § 4.7 (Approved Draft 1970)).

Defendant argues that "dismissal is the only appropriate remedy." Mot. to Dismiss at 3. However, the statute does not list dismissal as a remedy and instructs the Court to prescribe remedies that have the least effect on the merits of the case. 8 GCA § 70.45. Consequently, dismissal is neither appropriate nor just under these circumstances. There has been no showing or allegation that this discovery delay was anything more than a clerical error, such as an intentional delay that rises to the level of prosecutorial misconduct. Generally, dismissal is a disproportionate remedy unless "the failure to provide statutory discovery was grossly shocking and so outrageous as to violate the universal sense of justice." *People v. Naich*, 2013 Guam 7 ¶ 29. Defendant has not offered any evidence that the People's failure to provide discovery was shocking or outrageous, and the Court finds no such evidence in the record. Likewise, the People have completed their discovery obligation as of December 6, 2021, well in advance of the statutory minimum required for Defendant's trial preparation. Therefore, the Court believes the most appropriate remedy is for the Office of the Attorney General to reimburse the Public Defender Service Corporation for the attorney's fees and any other fees associated with filing this motion.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** the Motion to Dismiss and **ORDERS** the Office of the Attorney General to pay the attorney's fees and any other fees associated with filing this motion.

~~Pre-Trial Conference~~ Further Proceeding is schedule for January 10, 2022 at 10:00.

SO ORDERED, this __27__ day of December 2021.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam